# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ, | CASE NO. 1:11-cv-00574-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| HERRINGTON, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Richard Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 8, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Discussion

### A.     Allegations

Plaintiff, who is currently incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, brings this action against Licensed Vocational Nurses R. Nanitey, E. Vitto, and E. Negre, Chief Medical Officer Lopez, and Warden K. Herrington for violating his rights under the Eighth Amendment of the United States Constitution while he was incarcerated at Kern Valley State Prison in Delano, California.

Plaintiff alleges that on April 9, 2010, he noticed a pimple on his right buttock. By April 11, 2010, the pimple had tripled in size and was causing severe pain. Plaintiff filled out a written request for medical care and showed the pimple to Defendant Nanitey. Defendant Nanitey offered no advice or medical care and walked away.

On April 12, 2010, Plaintiff showed the pimple to Defendant Negro who did not offer Plaintiff any medical assistance and she intentionally discriminated against him.

On April 14, 2010, Plaintiff showed the pimple to Defendant Vitto and complained of flu-like symptoms, including weakness, hot flashes, chills, and aching muscles and bones, but Defendant stated he should have shown it to her earlier in the shift.

Plaintiff alleges that Defendants Nanitey, Negre, and Vitto knew he had a serious medical need, but they knowingly disregarded the risk to his health. Plaintiff also alleges that Defendants Lopez and Herrington knowingly disregarded an excessive risk to his health, and that Defendant Herrington was responsible for Plaintiff while Plaintiff was at Herrington's prison.

### B. Eighth Amendment Claim

#### 1. Legal Standard

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Neither medical malpractice nor isolated incidents of neglect will support an Eighth Amendment claim, Estelle, 429 U.S. at 106; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990), and where, as here, a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs, Berry v. Bunnell, 39 F.3d 1056, (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

#### 2. Defendants Nanitey, Negre, and Vitto

Although not alleged in the statement of the claim, the inmate appeal documents Plaintiff attached to his complaint reveal that he was sent to an outside hospital on April 16, 2010, where he was diagnosed with MRSA (methicillin-resistant Staphylococcus aureus). Plaintiff underwent surgery and was discharged on April 26, 2010.

///

1 Unquestionably, MRSA is a serious medical need. However, Plaintiff's complaint is devoid
2 of any factual support for his claim that Defendants Nanitey, Negre, and Vitto acted with deliberate
3 indifference, and Plaintiff does not allege that he suffered further injury as a result in the delay in
4 diagnosing his condition. The allegations that Defendants Nanitey, Negre, and Vitto knew of and
5 disregarded a serious risk of harm to Plaintiff's health are bare and conclusory and they do not meet
6 the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

### 3.   Defendants Lopez and Herrington

8 Plaintiff's claim against Defendants Lopez and Herrington has even less factual support.
9 Plaintiff must demonstrate that each named defendant personally participated in the deprivation of
10 his rights, and liability may not be imposed on supervisory personnel under the theory of respondeat
11 superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at __, 129
12 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing
13 v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may only be held liable if they
14 "participated in or directed the violations, or knew of the violations and failed to act to prevent
15 them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202,
16 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v.
17 Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick,
18 126 F.3d 1189, 1204 (9th Cir. 1997).

19 Plaintiff's complaint sets forth no facts supporting a claim against Defendants Lopez and
20 Herrington for acting with deliberate indifference toward Plaintiff's medical needs. Defendants may
21 not be held liable under section 1983 for the misconduct of subordinate personnel, which is the
22 apparent basis for liability in this instance.

### C.   Equal Protection Claim

24 Although Plaintiff does not specifically allege a claim for violation of the Equal Protection
25 Clause, his allegation that Defendant Negre intentionally discriminated against him is suggestive of
26 such a claim.

27 The Equal Protection Clause requires that persons who are similarly situated be treated alike.
28 City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur

4

v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that a defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

A general allegation of intentional discrimination is insufficient to state a claim for denial of equal protection, however, and Plaintiff's complaint contains no further factual detail.

### III.  Conclusion and Order

Plaintiff's complaint fails to state any claims under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 8, 2012**                /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE