# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>HERRINGTON, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:11-cv-00574-AWI-SKO PC<br><br>ORDER (1) GRANTING MOTION TO COMPEL AND FOR REASONABLE EXPENSES IN THE AMOUNT OF $1,000.00, (2) VACATING SCHEDULING ORDER, AND (3) DENYING MOTION TO COMPEL RE DEPOSITION AS MOOT<br><br>(Docs. 18 and 21)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS IN THE AMOUNT OF $2997.26 BE GRANTED<br><br>(Doc. 21)<br><br>OBJECTION DEADLINE: TEN DAYS |

## I. **Background**

Plaintiff Richard Lopez ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 8, 2011. This action is proceeding on Plaintiff's amended complaint against Defendant Vitto ("Defendant") for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.

Pending before the Court are Defendant's motion to compel, filed on July 24, 2013, and Defendant's motion to dismiss, filed on October 2, 2013. Plaintiff did not file a response to either motion and they have been submitted on the record without oral argument.[1]  Local Rule 230(*l*).

## II.   Motion to Compel re Interrogatories and Document Production

On April 19, 2013, the Court issued a scheduling order opening discovery and setting December 19, 2013, as the deadline for the completion of all discovery.  (Doc. 17.)  On April 22, 2013, Defendant served Plaintiff with interrogatories and a request for the production of documents at Plaintiff's address of record with the Court.  Fed. R. Civ. P. 33(a), 34(a).  Pursuant to the scheduling order, Plaintiff had forty-five days within which to serve a response.  (Doc. 17.)

Plaintiff did not serve a response to Defendant's discovery requests, and on June 12, 2013, Defendant sent Plaintiff a letter requesting a response no later than June 28, 2013.  (Doc. 18, Motion, Collins Dec., ¶2, Ex. B.)  Plaintiff did not respond to the letter.  (Collins Dec., ¶2.)

Defendant seeks an order compelling Plaintiff to respond to his interrogatories and request for the production of documents, and Defendant seeks reasonable expenses of $1,000.00, incurred in preparing the letter and the motion to compel.  Fed. R. Civ. P. 37(a)(3)(B), (5)(A).  (Collins Dec., ¶4.)

Plaintiff was obligated to respond to Defendant's interrogatories and request for the production of documents.  Fed. R. Civ. P. 33(b), 34(b)(2).  Plaintiff failed to serve a response and he failed to file an opposition to Defendant's motion to compel.  Plaintiff also failed to respond to the Court's order filed on September 30, 2013, requiring him to show cause why the motion should not be granted.  (Doc. 20.)

Accordingly, Defendant's motion to compel and for reasonable expenses in the amount of $1,000.00 is granted.[2]  Fed. R. Civ. P. 37(a)(3)(B), (5)(A).

---

[1] Although Plaintiff was released from custody in 2012, pursuant to the Court's general practice, Local Rule 230(*l*) continues to apply to this case.

[2] The Court notes the Ninth Circuit has held that it is an abuse of discretion to select a sanction which cannot be performed.  *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983).  In this case, however, Plaintiff is no longer incarcerated and he has not filed any response to Defendant's two pending motions or the Court's order to show cause.  As such, there is no evidence in the record that Plaintiff is unable to reimburse Defendant for reasonable expenses incurred.

### III. Motion to Dismiss and for Sanctions

#### A. Terminating Sanctions

On September 30, 2013, the Court issued an order requiring Plaintiff to show cause why Defendant's motion to compel should not be granted and why this action should not be dismissed for failure to prosecute. (Doc. 20.) Plaintiff was warned that if he failed to respond, the action would be dismissed, with prejudice. (*Id.*) Plaintiff did not respond.

On October 2, 2013, Defendant filed a motion to dismiss based on Plaintiff's failure to appear at two noticed depositions. As an alternative to dismissal, Defendant seeks an order compelling Plaintiff to attend his deposition. Defendant also seeks monetary sanctions for expenses incurred and an order vacating the scheduling order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order to show cause and his utter failure to cooperate during discovery, the Court is left with no alternative but to dismiss this action for failure to prosecute. *Id.* at 1226-29. This action, which has been pending since 2011, requires Plaintiff's cooperation in its prosecution, and the action cannot simply remain idle on the Court's docket. *Id.* Furthermore, Plaintiff's failure to cooperate during discovery prejudices Defendant, and in light of Plaintiff's failure to engage in discovery and his failure to respond to the Court's order to show cause, less drastic sanctions will not suffice to address Plaintiff's conduct. *Id.*

Therefore, the Court recommends that this action be dismissed, with prejudice, for failure to prosecute. This recommendation renders moot Defendant's request for alternative relief in the form of an order compelling Plaintiff to attend his deposition. Defendant's request for an order vacating the scheduling order shall be granted in light of the recommendation that this action be dismissed.

### B. Monetary Sanctions

Finally, Defendant seeks sanctions against Plaintiff in the amount of $2,997.26, which represents counsel's (1) travel and lodging expenses incurred in traveling from Sacramento to Fresno for Plaintiff's second deposition noticed for September 24, 2013, and (2) expenses incurred in preparing a letter and the motion to dismiss.[3] Fed. R. Civ. P. 37(d). (Doc. 21, Motion, Collins Dec., ¶3, 4, 7.) The deposition notice was served on August 29, 2013, and it gave reasonable notice of the deposition set for September 24, 2013. Fed. R. Civ. P. 30(b)(1). (Collins Dec., Ex. A.)

Plaintiff's failure to attend his deposition subjects him to sanctions, including reasonable expenses caused by his failure to appear "unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Given Plaintiff's failure to respond to Defendant's letter or motion, no attempt to substantially justify the failure to appear has been made; and Defendant's motion for sanctions should be granted.

## IV. Conclusion, Order, and Recommendation

Based on the foregoing, the Court HEREBY ORDERS and RECOMMENDS as follows.

1. Defendant's motion to compel and for reasonable expenses in the amount of $1,000.00 is GRANTED, and Plaintiff has **thirty (30) days** within which to serve responses and pay Defendant $1,000.00. (Doc. 18.)

2. Defendant's motion to vacate the scheduling order is GRANTED and Defendant's motion to compel Plaintiff's attendance at his deposition is DENIED as moot in light of the recommendation that this action be dismissed. (Doc. 21.)

---

[3] Plaintiff also failed to appear for his first deposition scheduled for August 27, 2013. (Collins Dec., ¶3.) However, Defendant does not seek to recover expenses incurred for that deposition and a copy of the deposition notice was not provided.

3. The Court RECOMMENDS that Defendant's motion to dismiss and for sanctions in the amount of $2,997.26, be GRANTED. (Doc. 21.) The Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with the Finding and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 16, 2013**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE